ELI T. REGAN *v.* JOSEPH S. J. REGAN & SON.

Where the plaintiff and defendant swear to a contradictory state of facts, and the jury find the issues in favor of the plaintiff the questions of law arising from the statement of the defendant, will not be considered upon an appeal to this Court.

CIVIL ACTION, to recover the rent of certain turpentine boxes, commenced before a Justice of the Peace, and carried by the appeal of the defendants to the Superior Court of ROBESON county, where it was tried by *Clarke, J.,* at January (Special) Term, 1874.

In his complaint the plaintiff alleged, that in the year 1871, he rented to the defendants 6886 turpentine boxes, at $15 per thousand, amounting to $102.99, which has not been paid.

This allegation the defendants deny, charging that they rented from the plaintiff *his interest* in 6886 turpentine boxes during the said year, in consideration of the defendant, Joseph, having paid certain taxes on the land for twenty years.

The defendant further insisted, that the land upon which the boxes were belonged to the plaintiff and nine others, and that therefore the plaintiff was only entitled to his particular share, to wit, one-tenth of said rent.

The plaintiff denied that the consideration of the renting was the payment of the taxes claimed by the defendants ; and also insisted, that the land had been divided and the several portions allotted to the respective owners before the renting took place.

The plaintiff and the defendant were examined as witnesses and testified adversely to each other. The jury found a verdict for the plaintiff. Judgment and appeal by defendants.

*W. F. French* and *Jones & Jones*, for appellant.
*N. A. McClean* and *W. McL. McKay*, contra.

BYNUM, J.   The plaintiff alleged that he rented to the defendants 6866 turpentine trees for the year 1871 at $15 per thousand.   That this was done after the partition of the lands between the tenants in common, and each one had entered upon his part.   These facts were testified to on the trial by the plaintiff, who was examined in his own behalf.   The defendants allege that the renting took place before the partition and that they were liable only for their rateable part of the rent, and the defendant, J. S. C. Regan, so testified, being examined in his own behalf.   The question of law as to the apportionment of the rent does not arise, because the jury found the issues in favor of the plaintiff; that is, that he rented his own share to the defendants after the partition.   There is no error.

PER CURIAM.                                Judgment affirmed.